FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES H. S.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:18-CV-00046-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 15. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II and his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed his application for Disability Insurance Benefits and his application for Supplemental Security Income on May 20, 2014. AR 195-202. His alleged onset date of disability is October 1, 2012. AR 195, 197. Plaintiff's applications were initially denied on August 19, 2014, AR 125-27, and on reconsideration on December 30, 2014, AR 134-47.

A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred on September 7, 2016. AR 39-76. On October 17, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 20-33. The Appeals Council denied Plaintiff's request for review on December 14, 2017, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on February 8, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 47 years old at the alleged date of onset. AR 32, 195, 197. He has at least a high school education and he is able to communicate in English. AR 32. Plaintiff has past work as a roofer, salvage laborer, laundry machine operator, building maintenance laborer, renderer, and store/warehouse worker. AR 31, 243.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from October 1, 2012, through the date of the ALJ's decision. AR 20, 33.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2012 (citing 20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.). AR 22.

**At step two**, the ALJ found Plaintiff had the following severe impairments: fractured right clavicle with open reduction internal fixation and subsequent hardware removal, deep vein thrombosis in the right upper extremity, spondylosis at L4-5 and L5-S1, degenerative joint disease of the right knee with meniscus tear status-post arthroscopy, mild degenerative joint disease of the left knee, and history of obesity (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 22.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 23.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: standing and walking is limited to 45 minutes at a time and three hours per day, but he can sit for tow hours at a time for 6 hours per day and therefore he needs the ability to alternate between sitting and standing every 45

minutes; he is able to occasionally climb stairs and ramps, balance, and stoop; he can never climb ladders, ropes, or scaffolds, kneel crouch, or crawl; he can occasionally reach overhead with the right upper extremity; he must avoid concentrated exposure to extreme cold and all exposure to industrial vibrations, hazards, and walking on uneven surfaces. AR 24.

The ALJ found Plaintiff unable to perform any past relevant work. AR 31.

**At step five**, the ALJ found that, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. AR 32-33. These include parking lot attendant, electronics assembler, and small parts assembler. AR 33.

## VI.   Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating opinion evidence; (3) not finding Plaintiff disabled under Grid Rule 201.12; and (4) improperly assessing Plaintiff's residual functional capacity.

\\

\\

\\

## VII. Discussion

**A. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 25. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 24-30.

First, the ALJ noted substantial inconsistencies with the medical evidence as well as significant improvement of Plaintiff's impairments. *Id*. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Moreover, an ALJ may consider medical reports of improvement in evaluating a claimant's credibility. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Plaintiff alleges completely debilitating physical limitations, including an inability to ambulate effectively. However, evidence shows that Plaintiff routinely moved about freely without need of assistive devices, he reported exercising regularly, and examinations repeatedly found Plaintiff in no acute distress, had normal strength,

and was able to walk normally. AR 421, 514, 537, 561, 566, 568, 571, 581, 612, 623, 747, 753, 768, 771, 775. Additionally, Plaintiff reported that medication improved his ability to walk and "function adequately overall." AR 535, 611, 616, 767. Treatment notes show Plaintiff reported having "just some intermittent back pain" that was "under really good control" with medication. AR 26, 411. Just two weeks after receiving treatment for a clavicle fracture, he reported "performing yard work and cleaning." AR 647. The ALJ properly determined that the inconsistencies with the medical record and documented improvement undermine Plaintiff's subjective complaint credibility.

The ALJ also noted inconsistent statements in discrediting Plaintiff's subjective complaints. AR 25, 29. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. Plaintiff testified that he could not go anywhere, stand, or shop due to physical pain. AR 58, 63. However, Plaintiff also reported that his physical activity was a seven or eight out ten, with ten being the highest level of activity, he walked three blocks to his appointment, he went shopping with his sister, and he reported exercising daily. AR 238, 536-37, 611, 616, 767, 774. Plaintiff does not contest this reason provided by the ALJ for discounting his subjective complaint credibility.

Lastly, the ALJ noted that Plaintiff's allegations of disabling limitations are belied by, and inconsistent with, his actual level of activity. AR 19. These include his ability to go shopping for food, medicine, and clothing with his sister; his ability to climb stairs, walk several blocks, and ambulate without issue; and his reports of exercising daily. AR 238, 241, 466, 514, 537, 561, 566, 568, 571, 581, 612, 623, 747, 753, 768, 771, 775. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found that Plaintiff's actual level of activity contradict his allegations of total disability. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as he alleges.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly weighed the medical opinion evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### b.  Tobias Lopez, PA-C.

Mr. Lopez is a physician's assistant who provided an opinion on June 27, 2014, following a physical evaluation for entitlement to DSHS welfare benefits. AR 444-46. Mr. Lopez opined that Plaintiff is severely limited and unable to meet the demands of even sedentary work. *Id*. Mr. Lopez's opinion is contradicted by all three doctors who provided medical opinions, including the testifying medical

expert, all of which opinions were given significant weight and are unchallenged by the Plaintiff. AR 30-31.

The ALJ assigned little weight to Dr. Lopez's opinion and provided valid reasons for doing so. AR 31. First, the ALJ noted that Mr. Lopez's statements about Plaintiff's physical impairments were inconsistent with the overall medical record, which, as noted previously, reveal Plaintiff routinely moved about freely without need of assistive devices, he exercised regularly, and examinations repeatedly found Plaintiff in no acute distress, had normal strength, and was able to walk normally. AR 421, 514, 537, 561, 566, 568, 571, 581, 612, 623, 747, 753, 768, 771, 775. Additionally, Plaintiff's impairments improved significantly with treatment. AR 26, 411, 535, 611, 616, 647, 767. Inconsistency with medical evidence is a germane reason to discount statements from other sources. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999).

Additionally, the ALJ noted that Mr. Lopez's opinion is inconsistent with Plaintiff's actual level of ability. AR 31. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Despite Mr. Lopez's opinion that Plaintiff is be unable to walk and stand for even brief periods,

not lift even ten pounds, or perform at even a sedentary level of work, Plaintiff reported that he could lift 15 pounds, he could walk normally without assistance for multiple blocks, he exercised daily, and he repeatedly rated his activity level as a seven or eight out of ten with ten being the highest level of activity. AR 235, 421, 514, 535-37 568, 611-12, 616, 767-68, 711, 774. Plaintiff does not contest this reason provided by the ALJ for assigning little weight to Mr. Lopez's opinion.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Mr. Lopez's opinion.

**C. The ALJ did not err in not finding Plaintiff disabled under Grid Rule 201.12.**

Plaintiff briefly contends that he should have been found to only be capable of sedentary work rather than a reduced range of light work based on the opinion of testifying medical expert Dr. Thompson and that his limitations should thus render him completely disabled under Grid Rule 201.12.

The "Medical-Vocational Guidelines," 20 C.F.R. Pt. 404, Subpt. P, app. 2, (a.k.a. "the Grid Rules"), provide specific conditions under which a person is classified as disabled or not disabled based on the person's exertional ability, age, education and work experience. To be classified as disabled under Grid Rule 201.12, a claimant must, among other requirements, be limited to sedentary work. The ALJ assigned significant weight to the opinion of testifying medical expert Dr. Thompson, and incorporated the limitations assessed by Dr. Thompson into Plaintiff's residual functional capacity, determinations Plaintiff does not challenge. AR 30. Contrary to Plaintiff's claims, Dr. Thompson's testimony did not establish that Plaintiff is limited to sedentary work. In fact, Dr. Thompson assessed limitations that exceeded those required of sedentary work and were consistent with the demands of a limited range of light work. AR 47. Furthermore, the vocational expert testified that someone with the exertional limitations in Dr. Thompson's opinion could perform the light, unskilled occupations of a parking lot attendant, electronics assembler, and small parts assembler. AR 73-74. Plaintiff does not challenge these conclusions.

Moreover, Plaintiff's argument that the ALJ should have limited him to only sedentary work, rather than a reduced range of light work, because his limitations fell between a full range of light work and sedentary work fails. The ALJ was not required to find Plaintiff "only" capable of a restricted range of sedentary work, An

ALJ may find that while a claimant is not capable of performing a full range of work at an exertional level (i.e., sedentary, light, or medium work), that a claimant has an exertional residual functional capacity that falls between two exertional levels. SSR 83-12. Furthermore, the ALJ properly based the decision in part on the testimony of the vocational expert as required. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) ("when a claimant's exertional limitation falls between two grid rules, the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a vocational expert regarding whether a person with claimant's profile could perform substantial gainful work in the economy."); *see also Gamer v. Sec. of Health & Human Services*, 815 F.2d 1275, 1278 (9th Cir. 1987) ("The regulations do not state that a person of closely advancing age who cannot perform all types of light work is disabled. Nor do they state that a person unable to perform all types of light work is limited to sedentary work."). Thus, the ALJ did not err in finding Plaintiff capable of a reduced range or light work and therefore no disabled under Grid Rule 201.12.

**D. The ALJ properly assessed Plaintiff's residual functional capacity.**

Plaintiff very briefly reargues that his assessed residual functional capacity and the ultimate determination regarding disability did not account for all of his limitations. The Court disagrees. The ALJ specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's

residual functional capacity. AR 24. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *See Stubbs-Danielson*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match Plaintiff's abilities, given his limitations. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity and the ALJ properly identified jobs that Plaintiff could perform despite his limitations.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **GRANTED.**

///

///

///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 19

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 25th day of January 2019.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge